SUMMONS ISSUED

Louis Pechman
Jessica N. Tischler
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

FILED
CLERK
2012 MAR -2 AM 11:09
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILSON ESPINOZA,

                Plaintiff,

        -against-

GRAND REVIEW, LLC,

                Defendant.
-------------------------------------------------------------X

12-1039

COMPLAINT

ECF CASE

MAUSKOPF, J.

LEVY, M.J.

Plaintiff Wilson Espinoza ("plaintiff" or "Espinoza"), by his attorneys Berke-Weiss & Pechman LLP, complaining of defendant Grand Review, LLC ("defendant" or "Grand Review") alleges:

**NATURE OF THE ACTION**

1. This action is brought to recover unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2. Plaintiff seeks unpaid wages, liquidated damages, pre-judgment and post-judgment interest, injunctive and declaratory relief against defendant's unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391, as Wilson Espinoza was employed at a building located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Wilson Espinoza resides in Queens, New York. Espinoza has been employed as a porter/handy-man at a property operated by Grand Review located in Elmhurst, Queens from on or about December 2006 to on or about December 2011.

**Defendant**

6. Defendant Grand Review is a Delaware Limited Liability company, registered to do business in New York State, with its principal offices located at 590 56th Street, West New York, New Jersey 07093.

## FACTS

7. The FLSA and NYLL require that employers pay all employees a minimum wage for all hours worked weekly up to forty (40).

8. Beginning in December 2006, Espinoza worked as a porter/handy-man for Defendant's sixty unit residential building located at 87-42 Elmhurst Avenue, Elmhurst, New York 11373.

9. In December 2006, Espinoza was provided a small one bedroom apartment located in the basement of 87-42 Elmhurst Avenue, Queens, New York. Defendant paid for Espinoza's utilities including light and gas. Espinoza resided in this apartment until December 2011.

10. Espinoza's duties included but were not limited to, sweeping the streets adjacent to the building, cleaning the windows of the lobby and elevators, sorting the building garbage and recycling, sweeping and mopping the hallways and stairwells of the building, painting over graffiti, and planting flowers. Espinoza would also perform minor repairs in tenant apartments and in the building. Espinoza was regularly called upon by tenants with complaints about, *inter alia*, plumbing, rodent problems, electrical problems, and hot water issues, and Espinoza was required to either address these complaints or communicate them to the Superintendent. Espinoza was also required to be available to various venders providing services to defendant on the premises by providing access to these vendors.

11. From December 2006 to April 2008, Espinoza worked eight (8) hours a day, five (5) days a week, from approximately 8 a.m. to 5 p.m. Espinoza would occasionally work Saturdays, from approximately 10 a.m. to 2 p.m.

12. During this time, Espinoza, who regularly worked forty (40) hours per week was paid a rate of nine dollars ($9.00) per hour for all hours worked.

13. In April 2008, Espinoza was told by the superintendent of 87-42 Elmhurst Avenue, Elmhurst, New York that he would no longer be paid for his work as a porter/handy-man. Espinoza was told that if he continued performing his daily responsibilities at a reduced four hours a day, then he could continue living in the basement apartment.

14. Beginning in April 2008 until December 2011, Espinoza worked four (4) hours a day, six (6) days a week, from approximately 8 a.m. to noon. Espinoza, who regularly worked twenty-four (24) hours per week, was not paid for any hours worked during this time.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

15. Plaintiff repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16. Defendant is an employer within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

17. Defendant is required to pay to plaintiff and the applicable federal minimum wage rate.

18. Commencing in or around April of 2008, defendant failed to pay plaintiff the minimum wages to which he was entitled under the FLSA.

19. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the FLSA with respect to the compensation of the plaintiff.

20. As a result of defendant's willful violations of the FLSA, plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendant is an employer within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

23. Commencing in or around April 2008, defendant failed to pay plaintiff the minimum wages to which he was entitled under the NYLL.

24. Commencing in or around April 2008, defendant has willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff minimum hourly wages.

25. As a result of defendant's violations of the NYLL, plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, respectfully requests that this Court enter a judgment:

a. to declare that defendant has violated the minimum wage provisions of the FLSA and the NYLL;

b. to declare that defendant's violations of the FLSA and NYLL were willful;

c. to award plaintiff damages for unpaid minimum wages;

d. to award plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

e. to award plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

    f.  to award plaintiff reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

    g.  to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
   March 2, 2012

               BERKE-WEISS & PECHMAN LLP

               By: _____
                Louis Pechman
                Jessica N. Tischler
                488 Madison Avenue - 11th Floor
                New York, New York 10022
                (212) 583-9500
                *Attorneys for Plaintiff*